Whitney Hulet Krogue (#15184)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
wkrogue@rqn.com

Calvin Grigsby (CA Bar No. #53655)
*Admitted Pro Hac Vice*
**GRIGSBY & ASSOCIATES**
2406 Saddleback Drive
Danville, California 94506
Cgrigsby@grigsbyinc.com

*Attorneys for Defendant Schoolmates, NFP.*

---

**IN THE UNITED STATE DISTRICT COURT**

**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| ERC SPECIALISTS, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>SCHOOLMATES, NFP,<br><br>Defendants. | **MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE OR, IN THE ALTERNATIVE, TRANSFER PROCEEDINGS**<br><br>Case No.: 2:24-cv-00727-DAK<br><br>Judge: Dale A. Kimball<br><br>Magistrate Judge Daphne A. Oberg |

**TABLE OF CONTENTS**

I. INTRODUCTION ........ 1

II. BACKGROUND ........ 1

A. The Complaint fails to allege Facts sufficient to establish specific personal jurisdiction .. 2

B. The Utah choice of law provision in the contract cannot change the insufficient pleading of minimum contacts ........ 5

III. THE ACTION SHOULD BE DISMISSED BASED ON IMPROPER VENUE ........ 6

IV. ALTERNATIVELY, THIS ACTION SHOULD BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE Northern DISTRICT OF Illinois ........ 7

V. CONCLUSION ........ 8

**TABLE OF AUTHORITIES**

**Cases**

*Zoobuh, Inc. v. Savicom, Inc.*, No. 2:17-cv-01098-JNP, 2018 U.S. Dist. LEXIS 97079, at *12 (D. Utah June 8, 2018). ........ 6

*Pro Axess, Inc. v. Orlux Distrib., Inc.*, 428 F.3d 1270, 1280 (10th Cir. 2005) ........ 9

*Anzures v. Flagship Rest. Grp.*, 819 F.3d 1277, 1280-81 (10th Cir. 2016) ........ 8

*Asahi Metal Indus.Co. v. Superior Court*, 480 U.S. 102, 113 (1987) ........ 9

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ........ 6

*AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1058 (10th Cir. 2008) ........ 7

*Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773, 1781, 198 L. Ed. 2d 395 (2017) 6

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) ........ 5

*Burger King Corp., 471 U.S. at 475* ........ 8

*Caspers Ice Cream v. Fatboy Cookie Co.*, No. 1:12-CV-1332013, WL 2367976 ........ 5

*Celtig*, 347 F.Supp.3d, at 989 ........ 8

*Celtig, LLC v. Patey*, 347 F. Supp. 3d 976, 989 (D. Utah 2018) ........ 8

*Celtig, LLC v. Patey*, 347 F.Supp. 3d 976, 983 (D. Utah 2018) ........ 5

*CHS Cos. v. Medina Mem'l Hosp.* ........ 9

*Employers Mut. Cas. Co.* v. *Bartile Roofs, Inc.,* 618 F.3d 1153, 1166 (10th Cir. 2010) ....... 10

*Far West Capital Inc. v. Towne*, 46 F.3d 1071, 1077 (10th Cir. 1995) ........ 8

*Franklin Covey Co. v. Commer. Metals Co.*, No. 2:16-cv-1221-CW, 2017 U.S. Dist. LEXIS 129938, at *12-14 (D. Utah Aug. 15, 2017) ........ 8

*Goff v. Hackett Stone Co.,* 185 F.3d 874, at *1 (table), 1999 U.S. App. LEXIS 13351, at *4 (10th Cir. 1999). ........ 10

*Goodyear*, 564 U.S. at 919 ........ 6

*Hanson v. Denckla*, 357 U.S. 235, 254, 78 S. Ct. 1228, 1240 (1958 ........ 9

*Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 904 n.11 (10th Cir. 2017) ........ 7

*Old Republic Ins. Co. v. Cont'l Motors,* Inc., 877 F.3d 895, 910 (10th Cir. 2017) ........ 8

*OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998) ........ 5

*OMI Holdings*, 149 F.3d at 1092 ........ 7

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) ........ 6

*Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1534 (10th Cir. 1996). ............. 7
*Tomlinson v. H&R Block, Inc.*, 151 Fed.Appx. 655, 657-658 (10th Cir. 2005) ............................ 5
*Twombly*, 550 U.S. at 570 .................................................................................................... 6
*Walden v. Fiore*,571 U.S. 277,283 (2014) (citing *World-Wide Votkswagen Corp. v. Woodson*.... 5
*Walden*, 134 S.Ct. 1122 ........................................................................................................ 8
*Wenzv. Memery Crystal,* 55 F.3d 1503, 1505 (10th Cir. 1995) ................................................... 5
*World Wide Votkswagen Corp.*, 444 U.S. at 291 (quoting *International Shoe v. Washington*, 326 U.S. 310, 316 (1945)) ........................................................................................................ 5
*World-Wide Votkswagen Corp. v. Woodson*,444 U.S. 286, 291 (1980) ....................................... 5
*XMission, L.C. v. Fluent Ltd. Liab. Co.,* 955 F.3d 833, 840-41 (10th Cir. 2020 .......................... 7

**Statutes**

28 U.S.C. § 1391 ................................................................................................................ 10
28 U.S.C. § 1391 (a)(2) ........................................................................................................ 10
28 U.S.C. § 1391(a)(l) and (3)................................................................................................ 10
28 U.S.C. § 1391(a)................................................................................................................ 11
28 U.S.C. § 139l(a) ................................................................................................................. 9
28 U.S.C. § 1406(a)................................................................................................................ 11
28 U.S.C. §1404(a) and/or §1406(a) ......................................................................................... 3
28 U.S.C.S. § 93..................................................................................................................... 11
Utah Code §78B-3-304 ............................................................................................................ 9
Utah Code 78B-3-304 .............................................................................................................. 4
Utah Code Ann. §§78B-3-304 and 78B-3-307 ........................................................................... 4

**Rules**

Federal Rule of Civil Procedure 12(b)(2) and (3) .................................................................. 3

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 12(b)(2) and (3), and 28 U.S.C. § 1404(a) and/or § 1406(a), Defendant hereby moves to dismiss the complaint ("Complaint"), attached as Exhibit A, for failure to state a claim for lack of personal jurisdiction and improper venue. The Complaint fails to allege a *prima facie* case for jurisdiction before this Court, as the Complaint does not allege that that the Defendant resides in Utah, or that any of the acts that gave rise to the purported breach of contract set forth in the Complaint occurred in Utah.

## II. BACKGROUND

On or about May 21, 2024, Plaintiff filed a complaint for breach of contract and unjust enrichment in Utah District Court alleging jurisdiction because “Defendant has transacted business with Plaintiff within the State of Utah” (Doc. 2.2, p. ID11) and venue “under Utah Code Ann. §§ 78B-3-304 and 78B-3-307.” (*Id.*) Utah’s long arm statute provides, in part.

> Notwithstanding Section 16-10a-1501, any person or personal representative of the person, whether or not a citizen or resident of this state, who, in person or through an agent, does any of the following enumerated acts is subject to the jurisdiction of the courts of this state as to any claim arising out of or related to:
>
> (1) the transaction of any business within this state.

Utah Code § 78B-3-205. Utah’s venue statute provides:

> A plaintiff shall bring an action on a contract *signed in this state* to perform an obligation in:
>
> (1) if the action is to enforce an interest in real property securing a consumer’s obligation, the county where the real property is located or where the defendant resides; or
>
> (2) if the action is to enforce an interest other than under Subsection (1) the county where the obligation is to be performed, the contract was signed, or in which the defendant resides.

Utah Code § 78B-3a-205 (emphasis added).

Exhibit A to the complaint is on its face a standard form contract between ERC and any

"Client" who accepts the standard provisions. It is the type of contract that can be sent to hundreds of prospective "clients" over the internet and accepted over the internet. The contract has a choice of law provision that provides that "this agreement shall be governed and construed in all respects in accordance with the laws of the State of Utah." (Doc 2.2, p. ID 19). The contract does not contain any forum selection provision.

### *A. The Complaint Fails to Allege Facts Sufficient to Establish Specific Personal Jurisdiction.*[1]

"The Due Process Clause of the Fourteenth Amendment constrains a state's authority to bind a nonresident defendant to a judgment of its courts." *Walden v. Fore,* 571 U.S. 277, 283 (2014) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)). Therefore, a "court may exercise personal jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum state." *World Wide Volkswagen Corp*., 444 U.S. at 291 (quoting *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945)). This requirement is designed to protect defendants from being "haled into a jurisdiction solely as a result of random, fortuitous or attenuated contacts, or of the unilateral activity of another party or third person." *Celtig, LLC v. Patey*, 347 F. Supp. 3d 976, 983 (D. Utah 2018) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

A plaintiff bears the burden of establishing personal jurisdiction over a defendant. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998). When considering a jurisdictional challenge on a motion to dismiss, the court accepts only the "well pled

[1] This memorandum does not address "general" jurisdiction, which requires a showing of "continuous and systematic" general business contacts by the non-resident defendant with the forum state that approximate physical presence in the forum state. There are no facts pleaded in the complaint or otherwise to sustain such broader jurisdiction. *See Tomlinson v. H&R Block, Inc*., 151 Fed. Appx. 655, 657-658 (10th Cir. 2005).

facts of plaintiff's complaint, as distinguished from mere conclusory allegations." *Caspers Ice Cream v. Fatboy Cookie Co*., No. 1:12-CV-1332013, WL 2367976, at *7 (D. Utah May 29, 2013); *see also, e.g.*, *Wenz v. Memery Crystal,* 55 F.3d 1503, 1505 (10th Cir. 1995). Here, ERC's bare, conclusory allegation that Schoolmates did business in Utah is not a factual allegation sufficient to sustain a complaint for breach of contract in Utah. ERC has failed to allege any specific, non-conclusory facts to support a finding of specific jurisdiction over the defendant, to wit: "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). The allegations in the Complaint fail to allege minimum contacts required for jurisdiction. ERC therefore fails to meet its burden to allege and/or state a cause of action under Rule 12(b)(2) and (3). The complaint contains no allegations of minimum contacts sufficient to assert specific personal jurisdiction over Schoolmates.

The issue in this Motion to Dismiss is whether Schoolmates "purposefully directed" the alleged breach of contract and resulting claim of unjust enrichment at ERC ***in Utah*** by Schoolmates' alleged failure to pay money allegedly received by Schoolmates from the Internal Revenue Service while domiciled and doing business in Illinois. The alleged breach of contract to pay money—which is the claim here—was not alleged to have occurred in Utah. When determining whether specific jurisdiction exists, courts look only to the ***contacts out of which the plaintiff's cause of action arises***. *Robbins*, 519 at 1243. "There must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.'" *Bristol-Myers Squibb Co. v. Super. Ct. of Cal*., 582 U.S. 255, 256 (2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "When

there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Zoobuh, Inc. v. Savicom, Inc*., No. 2:17-cv-01098, 2018 U.S. Dist. LEXIS 97079, at *12 (D. Utah June 8, 2018).

The "minimum contacts" alleged must involve Schoolmates' activities in Utah causing or comprising the claims of breach of contract and unjust enrichment asserted in the Complaint. The Complaint has no allegations that any breach of the contract to pay under the contract sums received from the IRS, or unjust enrichment, occurred in Utah. Exhibit A to the Contract shows that it was signed by Schoolmates. But there is no allegation that it was signed in Utah. Purposeful direction (sometimes referred to as purposeful availment, *see Old Republic Ins. Co. v. Cont'l Motors, Inc*., 877 F.3d 895, 904 n.11 (10th Cir. 2017)), requires that a defendant have "deliberately . . . engaged in significant activities within" the forum state or deliberately directed its activities at the forum state, so that it has "manifestly . . . availed [itself] of the privilege of conducting business there." *Id.* at 905 (internal quotation marks omitted). Purposeful direction is a product of both the quantity and quality of a defendant's contacts with the forum. *See OMI Holdings*, 149 F.3d at 1092. The requirement "ensures that a defendant will not be subject to the laws of a jurisdiction solely as a result of random, fortuitous, or attenuated contacts," *AST Sports Sci., Inc. v. CLF Distrib. Ltd*., 514 F.3d 1054, 1058 (10th Cir. 2008) (internal quotation marks omitted), "the unilateral activity of another party or a third person," *id.* (internal quotation marks omitted), or the mere foreseeability that its actions may cause injury in that jurisdiction. *See Trierweiler v. Croxton & Trench Holding Corp*., 90 F.3d 1523, 1534 (10th Cir. 1996); *XMission, L.C. v. Fluent Ltd. Liab. Co.,* 955 F.3d 833, 840-41 (10th Cir. 2020).

Absent allegations that Schoolmates' minimum contacts in Utah constituted deliberately directed, significant activities within the state of Utah, personal jurisdiction over Schoolmates

cannot exist. ERC cannot establish specific personal jurisdiction without showing that the causes of action for breach of contract and unjust enrichment in the Complaint arise out of those minimum contacts in the state of Utah. "[T]he mere fact that [a defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction." *Walden*, 571 at 291. "Due process requires that a defendant be hauled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Id.* at 286 (quoting *Burger King Corp., 471 U.S. at 475*); *Anzures v. Flagship Rest. Grp.*, 819 F.3d 1277, 1280-81 (10th Cir. 2016); *see also Celtig*, 347 F. Supp. 3d at 989. Plaintiff must allege that Schoolmates breached the alleged agreement in Utah. Plaintiff has only alleged that the contract was breached by non-payment. As Plaintiff has not plausibly alleged that Defendant has direct contacts with Utah, it follows that Plaintiff also cannot meet the requirement that the breach of contract arises out of deliberate direct contacts in Utah. *See Celtig,* 347 F. Supp. 3d at 989 ("Due process requires that a defendant have minimum contacts with the forum state before the court may exercise personal jurisdiction over him. Evergreen and RAM have failed to allege minimum contacts between the state of Utah and Edwards acting in his personal capacity, and thus have failed to meet their burden of establishing personal jurisdiction over him."); *Old Republic Ins. Co.*, 877 F.3d at 910 ("The bare fact that Continental Motors entered into a legal relationship with Arapahoe Aero, a Colorado entity, cannot establish sufficient contacts to satisfy the purposeful direction requirement.").

### ***B. The Utah Choice of Law Provision in the Contract Cannot Change the Insufficient Pleading of Minimum Contacts.***

As the U. S. Supreme Court stated years ago in *Hanson v. Denckla*, 357 U.S. 235, 254 (1958), "the issue is personal jurisdiction, not choice of law. It is resolved in this case by considering the acts of the trustee. As we have indicated, they are insufficient to sustain the

jurisdiction." In *CHS Cos. v. Medina Mem'l Hosp*., this Court stated:

> The parties did agree to a Utah choice of law provision in the contract. While this is a relevant factor when examining purposeful availment, "such a provision standing alone [is] insufficient to confer jurisdiction." Burger King, 471 U.S. at 482. In this case, despite the choice of law provision, the agreement centered on services that would be performed within a New York hospital for the benefit of New York patients.
>
> The court concludes that Medina did not purposefully direct its activities toward Utah to create sufficient minimum contacts and that traditional notions of fair play and substantial justice[2] do not reasonably support a finding of specific personal jurisdiction. Therefore, the court is without jurisdiction.

No. 2:17-cv-00551, 2017 U.S. Dist. LEXIS 195192, at *6-8 (D. Utah Nov. 27, 2017). The same analysis holds true here. The choice of law provision does not confer jurisdiction and jurisdiction is otherwise lacking under the minimum contacts test.

## III. THE ACTION SHOULD BE DISMISSED BASED ON IMPROPER VENUE.

Plaintiff did not allege that the contract underlying Plaintiff's suit even signed in Utah. *See* Utah Code § 78B-3-304. Plaintiff certainly has not made any allegations that allow venue in the District of Utah as required by the Federal Rules of Civil Procedure, which governs following Removal. 28 U.S.C. § 139l(a) provides:

> A civil action may be brought in—
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

[2] Defendant did not brief the issue of "fair play and substantial justice" because these considerations only come into play where Plaintiff has adequately made a showing of minimum contacts [which plaintiff has not alleged]. *Pro Axess, Inc. v. Orlux Distrib., Inc.*, 428 F.3d 1270, 1280 (10th Cir. 2005) (quoting *Asahi Metal Indus.Co. v. Superior Court*, 480 U.S. 102, 113 (1987).)

Plaintiff's action may not be brought in this district because Plaintiff has not alleged that (1) Schoolmates resides in this district; (2) a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this district; or (3) Schoolmates is subject to personal jurisdiction in this district based on the analysis above. Schoolmates is an owner and/or manager of charter schools in Cook County, Illinois. Schoolmates does not reside in this district and as discussed above, does not have sufficient minimum contacts with the state of Utah to justify the exercise of personal jurisdiction. Thus, venue is not proper in this district under 28 U.S.C. § 1391(a)(l) and (3).

Furthermore, venue is not proper under 28 U.S.C. § 1391(a)(2) because a substantial part of the events giving rise to Plaintiff's claim did not occur in this district. The "substantiality requirement is upon a showing of acts and omissions that have a close nexus to the alleged claims [i.e, of breach of contract]." *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.,* 618 F.3d 1153, 1166 (10th Cir. 2010). The focus of these acts and omissions is "on relevant activities of the defendant, not of the plaintiff." *Goff v. Hackett Stone Co.,* 185 F.3d 874, at *1 (table), (10th Cir. 1999). ERC has not alleged any activities by Schoolmates in Utah. Therefore, venue is not proper under 28 U.S.C. § 1391 and the action should be dismissed.

## IV. ALTERNATIVELY, THIS ACTION SHOULD BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

Pursuant to 28 U.S.C. § 1406(a), a district court may, in the interest of justice, transfer a case brought in the wrong district to a district in which it could have been brought. Venue would be proper in the Northern District of Illinois because Schoolmates is located and

subject to personal jurisdiction there. *See* 28 U.S.C. § 1391(a).[3]

## V. CONCLUSION

Based on the foregoing, Schoolmates respectfully submits that this action should be dismissed against it for lack of personal jurisdiction and improper venue. Alternatively, the Schoolmates respectfully requests that this Court transfer the pending action to the United States District Court for the Northern District of Illinois, Eastern Division.

DATED this 7th day of October 2024.

**GRIGSBY & ASSOCIATES**

*/s/ Calvin B. Grigsby*
Calvin B. Grigsby, Esq.
Admitted Pro Hac Vice

/s/ *Whitney Hulet Krogue*
Whitney Hulet Krogue
**RAY QUINNEY AND NEBEKER P.C.**

*Attorneys for Defendant Schoolmates, NFP.*

[3] The Northern District comprises two divisions. The Eastern Division comprises the counties of Cook, Du Page, Grundy, Kane, Kendall, Lake, La Salle, and Will. 28 U.S.C.S. § 93.

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of October 2024, I filed a true and correct copy of the foregoing **MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE OR, IN THE ALTERNATIVE, TRANSFER PROCEEDINGS** with the clerk of the court using the federal CM/ECF system which sent notice of such filing to the following:

Benjamin P. Thomas
Ellen H. Welch
Strong & Hanni P.C.
102 S. 200 E., Suite 800
Salt Lake City, Utah 84111
bthomas@strongandhanni.com
ewelch@strongandhanni.com

*Attorneys for Plaintiff ERC Specialists, LLC*

*/s/ Ryan J. Lowe*